**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**v.**                          **Case No. 4:17-cr-00154 KGB**

**BRANDON MOORE**                                              **DEFENDANT**

**ORDER**

Before the Court is defendant Brandon Moore's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 53). The government responded in opposition to the motion (Dkt. No. 56). Mr. Moore then filed a reply (Dkt. No. 57). For the following reasons, the Court denies without prejudice Mr. Moore's motion for compassionate release (Dkt. No. 53).

**I.        Background**

On October 16, 2018, Mr. Moore pled guilty to felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Dkt. Nos. 25, 26). On April 11, 2019, this Court sentenced Mr. Moore to 180 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 36, 38).

In the pending motion, Mr. Moore states that the Court should grant him compassionate release based primarily on his medical conditions, which he asserts generally are problems with his left eye, hip, and left leg (Dkt. No. 53, at 4-5, 13-26). Mr. Moore states that, if released, he would live with his mother in North Little Rock, would have a job, and would have access to health insurance (*Id*., at 8-9). Mr. Moore states that he has not submitted a request for compassionate release to the warden because he did not think he "met the criteria." (*Id*., at 3).

The government contests this Court's jurisdiction to resolve the motion (Dkt. No. 56, at 2-4). Specifically, the government argues that the Court lacks jurisdiction because Mr. Moore did

not exhaust his administrative remedies (*Id.*).   Additionally, the government argues that compassionate release is not warranted in this case (*Id.*, at 4-9).

## II.   Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).  With these statutory provisions in mind, the Court turns to examine the arguments advanced by Mr. Moore.

### A.    Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).  Mr. Moore generally seeks compassionate release.  As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c).  *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).  The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. § 3624(c)(2).  Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.  To the extent Mr. Moore seeks relief from this Court under the CARES Act, the Court denies his motion.

### B.    Compassionate Release

The Court also has limited authority to consider requests pursuant to the compassionate release provision of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1).  To the extent that Mr. Moore seeks release under this provision, the Court denies without prejudice his request for failure to exhaust his administrative remedies based on the record before the Court at this time.  *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (holding that the First Step Act's exhaustion requirement is a "mandatory claim-processing rule" that "must be enforced so long as the opposing

3

party properly raises it" and that the court must dismiss without prejudice an unexhausted compassionate release motion); *see also United States v. Cox*, No. 4:98-cr-73-DPM, 2020 WL 5371180, at *3 (E.D. Ark. Sept. 8, 2020) (dismissing for lack of jurisdiction an unexhausted motion for compassionate release); *United States v. Jenkins*, No. 4:15-cr-3079, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020) (same).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced a sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio*, 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Eighth Circuit Court of Appeals has ruled that this provision of the First Step Act is a "mandatory claim-processing rule" that "must be enforced so long as the opposing party

properly raises it." *Houk*, 2 F.4th at 1084.

On the record before the Court, Mr. Moore has not submitted a request for compassionate release to the BOP, and the government has raised properly Mr. Moore's failure to exhaust his administrative remedies. Accordingly, on the current record the Court denies without prejudice any request by Mr. Moore for compassionate release and declines to address the merits of any such request. If he chooses to do so, Mr. Moore may refile his motion upon demonstrating that he has satisfied the exhaustion requirement set out in 18 U.S.C. § 3582(c)(1)(A).

### III.    Conclusion

For these reasons, the Court denies without prejudice Mr. Moore's motion (Dkt. No. 53).

It is so ordered this 26th day of August, 2021.

Kristine G. Baker
United States District Judge